UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JULIE ANN JONES,

        Plaintiff,

v.                                                              Case No:  3:13-cv-642-J-39PDB

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**
_____/

## ORDER

    **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 32;

Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate

Judge, on August 11, 2014. Plaintiff is appealing an administrative decision denying her

application for disability-insurance benefits. (Doc. 10.) The parties filed legal

memoranda along with the administrative record, and upon review of these filings, the

Magistrate Judge issued the Report in which she recommended that the final decision

of the Commissioner of Social Security (the "Commissioner") be reversed and

remanded. The Commissioner did not file any objections to the Report and the time for

doing so has now passed.

    The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific

objections to findings of facts are filed, the district judge is not required to conduct a *de*

*novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir.

1993); see also 28 U.S.C. § 636(b)(1).  However, a district judge reviews legal

conclusions *de novo,* even in the absence of an objection.  See Cooper–Houston v.

Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon independent review of the file and for the reasons stated in the Magistrate

Judge's Report, the Court will accept and adopt the factual and legal conclusions

recommended by the Magistrate Judge.  Accordingly, it is hereby

**ORDERED:**

1.  The Report and Recommendation (Doc. 32) of the Magistrate Judge is

**ADOPTED** as the opinion of the Court.

2.  Pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by

§ 1383(c)(3), the decision of the Commissioner is **REVERSED and REMANDED**.

3.  The Clerk is directed to enter judgment accordingly and to close the file.

4.  On remand, the ALJ is directed to: (a) supplement the record as necessary to

develop a full and complete record, including requesting additional information from Dr.

Barakat; (b) reweigh both Dr. Barakat's and Dr. Patel's opinions after supplementing the

record; (c) provide findings and rational as to what weight should be given to the third-

party statements; (d) reconsider Plaintiff's credibility in light of the above; (e) reevaluate

Plaintiff's ability to return to past relevant work and ability to perform other jobs in the

national economy; (f) and conduct any further proceedings deemed appropriate.

5.  Should this remand result in the award of benefits, Plaintiff's attorney is

**GRANTED**, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an

extension of time in which to file a petition for authorization of attorney's fees under 42

U.S.C. §406(b), until thirty (30) days after the date of the Commissioner's letter sent to

Plaintiff's counsel of record at the conclusion of the Agency's past due benefit

calculation stating the amount withheld for attorney's fees.  See In re: Procedures for

Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2), Case No. 6:12-

mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012).  This extension does not apply to any motion

for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

      **DONE** and **ORDERED** in Jacksonville, Florida this 29th day of August, 2014.

BRIAN J. DAVIS
United States District Judge


mw
Copies furnished to:

Counsel of Record
Unrepresented Parties